1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9

DARREN SCHWEND and CHRISTI
SCHWEND, husband and wife,

10

Plaintiffs,

Case No.

11

**NOTICE OF REMOVAL**

v.

12

13

ADVANCED COMPOSITES, INC., a Utah
corporation; WOUND UP COMPOSITE
CYCLES, a Utah corporation, and CO-
MOTION CYCLES, INC., an Oregon
corporation,

14

15

Defendants.

16

17

PLEASE TAKE NOTICE that Defendant Co-Motion Cycles, Inc., by and through its

18

undersigned counsel, hereby removes the above-captioned case from the Superior Court of the

19

State of Washington for King County to the United States District Court for the Western

20

District of Washington in Seattle pursuant to 28 U.S.C. § 1446, and respectfully states:

21

1.  The above-captioned matter was filed on or about April 28, 2010, and received by

22

Defendants on April 30, 2008, and is pending in the Superior Court of the State of Washington

23

for King County, under Cause No. 10-2-15816-2 SEA.

24

25

Notice of Removal- 1

73733.doc

2. This law firm represents Defendant Co-Motion Cycles, Inc. in this action.    As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by this Defendant are attached hereto as Exhibit 1.

3. Attorney S. Karen Bamberger of the law firm of Betts Patterson Mines represents Co-Defendants Advanced Composites, Inc. and Wound Up Composite Cycles. Ms. Bamberger has represented to this counsel that Co-Defendants consent to the removal of this matter to federal Court.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and Co-Defendants, and a copy is being filed with the clerk of the King County Superior Court.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after receipt of the Complaint by Defendant Co-Motion Cycles, Inc.

6. Plaintiffs have represented that they were residents of Seattle, King County, Washington, at all relevant times to this matter, and that they continue to reside in Seattle.

7. Defendant Advanced Composites, Inc. is registered with the Utah Department of Commerce as a for-profit corporation, with its principal place of business in Salt Lake City, Utah.

8. Defendant Wound Up Composite Cycles is registered with the Utah Department of Commerce as a DBA entity, with its principal place of business in Salt Lake City, Utah.

9. Defendant Co-Motion Cycles, Inc. is an Oregon corporation, with its principal place of business in Eugene, OR.

10.    Based on the alleged damages in this matter, including an alleged perineal impalement injury with degloving of Mr. Schwend's urethra, pain and suffering, emotional distress and loss of consortium, along with the alleged length of hospital stay of five days, it appears the requisite jurisdictional amount of more than $75,000 exists in this case.

Notice of Removal- 2

73733.doc

PATTERSON BUCHANAN
FOBES LEITCH & KALZER, INC., P.S.

2112 Third Avenue, Suite 500
Seattle. WA. 98121 Tel. 206.462.6700. Fax 206.462.6701

11. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity exists between the parties and the requisite amount in controversy has been met.

12. The above-captioned matter may be removed to this Court pursuant to 28 U.S.C. § 1441(a). This Court is a District Court of the United States for the District and division embracing the place where the state court action is pending and is, therefore, the appropriate Court for removal pursuant to 28 U.S.C. § 1441.

9. Pursuant to Local Rule W.D. Wash. CR 5(e), removal from King County Superior Court to the United States District Court for the Western District of Washington in Seattle is proper.

DATED this 17 day of May, 2010.

PATTERSON BUCHANAN
FOBES LEITCH & KALZER, INC., P.S.

By: _Sarah S. Mack_____
Duncan K. Fobes, WSBA No. 14964
Sarah Spierling Mack, WSBA No. 32853
dkf@pattersonbuchanan.com
ssm@pattersonbuchanan.com
2112 Third Ave., Suite 500
Seattle, WA 98121
Phone: (206) 462-6700
Fax: (206) 462-6701

Attorneys for Defendant Co-Motion Cycles, Inc.

Notice of Removal- 3

73733.doc

PATTERSON BUCHANAN
FOBES LEITCH & KALZER, INC., P.S.

2112 Third Avenue, Suite 500
Seattle. WA. 98121 Tel. 206.462.6700 Fax 206.462.6701

## CERTIFICATE OF SERVICE

I hereby certify that on the date provided below I mailed or otherwise caused to be served DEFENDANT'S NOTICE OF REMOVAL, on the following individuals:

Jeffrey R. Johnson
Mary Re Knack
Williams, Kastner & Gibbs PLLC
601 union Street, Suite 4100
Seattle, WA 98101
(206) 628-6600
Attorneys for Plaintiffs

S. Karen Bamberger
Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, WA 98101
(206) 292-9988
Attorney for Co-Defendants
Advanced Composites, Inc.
Wound Up Composite Cycles

I certify under penalty of perjury that the foregoing is true and correct.

Executed at Seattle, Washington, on May *17*, 2010.

*Pam E. Buckley*
Pam E. Buckley
Legal Assistant to Sarah Mack

Notice of Removal- 4

73733.doc

PATTERSON BUCHANAN
FOBES LEITCH & KALZER, INC., P.S.

2112 Third Avenue, Suite 500
Seattle, WA. 98121 Tel. 206.462.6700. Fax 206.462.6701

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT 1**

Notice of Removal- 5

73733.doc

FILED

10 APR 28 PM 4:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-15816-2 SEA

1

2

3

4

5

6

7        SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    DARREN SCHWEND and CHRISTI              No.
     SCHWEND, husband and wife,
9                                            COMPLAINT FOR DAMAGES
            Plaintiffs,
10
         v.
11
     ADVANCED COMPOSITES, INC., a Utah
12   corporation, WOUND UP COMPOSITE
     CYCLES, a Utah corporation, and CO-
13   MOTION CYCLES, INC., an Oregon
     corporation,
14
            Defendants.
15

16
         COME NOW Plaintiffs, Darren Schwend and Christi Schwend, by and through their
17
     attorneys Williams, Kastner & Gibbs PLLC, and claim relief against Defendants Advanced
18
     Composites, Inc., Wound Up Composite Cycles, and Co-Motion Cycles, Inc., and allege as
19
     follows.
20
                                      I. PARTIES
21
         1.1     Plaintiffs Darren Schwend and Christi Schwend were residents of Seattle, King
22
     County, Washington, at all relevant times and continue to reside in Seattle.
23
         1.2     Defendant Advanced Composites, Inc. ("Advanced Composites") was and is a
24
     Utah corporation with its principal place of business in Salt Lake City, Utah.  Defendant
25

COMPLAINT FOR DAMAGES - 1                    **Williams, Kastner & Gibbs PLLC**
                                             601 Union Street, Suite 4100
                                             Seattle, Washington 98101-2380
                                             (206) 628-6600

2794793.1

1    Advanced Composites owns Wound Up Composite Cycles. At all relevant times, Advanced

2    Composites has transacted business in King County, Washington, by selling its products

3    directly to King County and Washington consumers and distributors and continues to do so.

4    Advanced Composites has sold and continues to sell and distribute its products, including

5    Wound Up seat post assemblies, into the stream of commerce with the knowledge that its

6    products will be sold and distributed in the State of Washington. Advanced Composites has

7    sold and continues to sell and distribute its products directly into the stream of commerce

8    within the State of Washington. Advanced Composites has done so to the harm and detriment

9    of the citizens of Washington.

10          1.3    Defendant Wound Up Composite Cycles ("Wound Up") was and is a Utah

11    corporation with its principal place of business in Salt Lake City, Utah. Wound Up is a wholly

12    owned subsidiary of Advanced Composites and has transacted business in King County,

13    Washington, by selling its products directly to King County and Washington consumers and

14    distributors and continues to do so. Wound Up has sold and continues to sell and distribute its

15    products, including Wound Up seat post assemblies, into the stream of commerce with the

16    knowledge that its products will be sold and distributed in the State of Washington. Wound Up

17    has sold and continues to sell and distribute its products directly into the stream of commerce

18    within the State of Washington. Wound Up has done so to the harm and detriment of the

19    citizens of Washington.

20          1.4    Defendant Co-Motion Cycles, Inc. ("Co-Motion") was and is an Oregon

21    corporation with its principal place of business in Eugene, Oregon. Co-Motion has transacted

22    business in King County, Washington, by selling its products directly to King County and

23    Washington consumers and distributors and continues to do so. Co-Motion has sold and

24    continues to sell and distribute its products, including products with Wound Up seat post

25    assemblies, into the stream of commerce with the knowledge that such products will be sold

COMPLAINT FOR DAMAGES - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

1    and distributed in the State of Washington. Co-Motion has sold and continues to sell and

2    distribute its products directly into the stream of commerce within the State of Washington.

3    Co-Motion has done so to the harm and detriment of the citizens of Washington.

## II. JURISDICTION AND VENUE

5    2.1    Plaintiffs Darren Schwend and Christi Schwend have resided, at all relevant

6    times, in King County, Washington. Defendants, at all relevant times, have sold their products

7    to consumers and distributors in King County and the State of Washington, caused their

8    products to enter the stream of commerce, caused their products to enter the State of

9    Washington, and had knowledge that their products would be sold and distributed to consumers

10   within the State of Washington. Furthermore, the events which give rise to this lawsuit

11   occurred in Seattle, Washington which is located in King County, Washington. Accordingly,

12   jurisdiction and venue are proper in King County, Washington.

## III. FACTUAL ALLEGATIONS

14   3.1    On May 07, 2007, Plaintiff Darren Schwend was riding his bike home from

15   work on the Burke-Gilman trail near the Sand Point neighborhood in Seattle, Washington. Mr.

16   Schwend was riding a bicycle that he had purchased from Co-Motion in 2004. The bicycle

17   included a Wound Up 29.8 Tandem seat post assembly manufactured by Wound Up, a

18   subsidiary of Advanced Composites. While riding his bike, a bolt that was part of the seat post

19   assembly failed and broke, causing Mr. Schwend to crash.

20   3.2    As a result of the failure of the bolt that was part of the seat post assembly and

21   subsequent crash, Mr. Schwend suffered a perineal impalement injury with degloving of his

22   urethra. He also suffered a right distal radius fracture. His uncontrollable bleeding prior to

23   reaching the hospital and in the emergency room, together with the severity of his injuries,

24   required a five-day hospital stay.

25

COMPLAINT FOR DAMAGES - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

1    3.3    As a result of his injuries, Mr. Schwend has suffered substantial damages

2    including, but not limited to, pain and suffering, disfigurement, permanent and severe bodily

3    injury, loss of enjoyment of life, mental anguish, and emotional distress.  These serious,

4    permanent injuries continue to affect Mr. Schwend's life in significant ways.

5    3.4    As a result of the accident, Plaintiffs have suffered economic losses, including

6    but not limited to, medical bills and expenses, wage loss, time loss, and other economic losses.

7    3.5    As a result of the nature and severity of the injuries to her husband, Plaintiff

8    Christi Schwend has suffered non-economic losses, including the loss of consortium with her

9    husband.

10    IV.  FIRST CAUSE OF ACTION

11    4.1 ·  · The Schwends incorporate by reference each and every allegation contained in

12    the paragraphs above.

13    4.2    Defendants Advanced Composites, Wound Up, and Co-Motion are

14    "manufacturers" within the meaning of RCW 7.72.010(2).

15    4.3    The seat post assembly was a "product" within the meaning RCW 7.72.010(3).

16    4.4    The Schwends are "claimants" within the meaning of RCW 7.72.010(5).

17    4.5    The Wound Up 29.8 Tandem seat post assembly was not reasonably safe.

18    4.6    The Wound Up 29.8 Tandem seat post assembly was not reasonably safe

19    because adequate warnings or instructions were not provided with it at the time of sale.  The

20    Wound Up 29.8 Tandem seat post assembly was not reasonably safe because adequate

21    warnings or instructions were not provided after the seat post was manufactured, distributed,

22    assembled, and sold by the Defendants and the Defendants should have learned about the

23    danger of injury connected with the product after it was manufactured.

24    4.7    The Wound Up 29.8 Tandem seat post assembly was not reasonably safe as

25    designed because, at the time of manufacture, the likelihood and seriousness of the Schwends'

COMPLAINT FOR DAMAGES - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

1    harm or similar harms outweighed the burden on the manufacturer Defendants to design a

2    product that would have prevented the harm that the Schwends suffered.  The Wound Up 29.8

3    Tandem seat post assembly and associated bolt were defective in design in that there were

4    several alternative designs available to reduce stress on the bolt and to prove out a larger safety

5    factor, a more robust bolt, and a bolt less susceptible to manufacturing defects.  These design

6    improvements include, but were not limited to, increasing the diameter of the bolt, reducing the

7    strength of the bolt together with increasing the diameter of the bolt to make the bolt less

8    susceptible to hydrogen embrittlement and other manufacturing anomalies, limiting the threads

9    on the bolt to the tip of the bolt, and other design criteria for the seat post assembly that would

10   reduce the stress in the cross section of the bolt.  Such alternative designs were practical and

11   feasible without compromising the usefulness of the product.

12       4.8    The Wound Up 29.8 Tandem seat post assembly, including the bolt, was not

13   reasonably safe as manufactured and constructed under RCW 7.72.030 because, when it left

14   the control of the Defendants, it deviated in some material way from the manufacturer and/or

15   industry design specifications or performance standards, or deviated in some material way

16   from otherwise identical units of the same product line.  Specifically, post-accident testing

17   demonstrates the bolt that failed had intergranular cracking within the bolt fracture caused by

18   hydrogen embrittlement and/or other micro-structural defects which resulted from a failure to

19   manufacture according to manufacturer and/or industry standards.

20       4.9    The Wound Up 29.8 Tandem seat post assembly, including the bolt, were

21   unsafe to an extent beyond that which would be contemplated by an ordinary consumer.

22       4.10    Defendants are strictly liable to the Schwends as a result of their product

23   liability claims because the Schwends' harm was proximately caused by the fact that the

24   Wound Up 29.8 Tandem seat post assembly, including the bolt, was not reasonably safe.

25

COMPLAINT FOR DAMAGES - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

## V.  DAMAGES

5.1    The Schwends incorporate by reference each and every allegation contained in the paragraphs above.

5.2    As a direct and proximate result of Defendants' product liability, strict liability, and fault, Plaintiff Darren Schwend has suffered personal injuries, pain and suffering, permanent bodily injuries, disfigurement, disability, loss of the enjoyment of life, mental anguish and emotional distress, and other general damages in an amount to be proven at the time of trial.

5.3    As a direct and proximate result of Defendants' product liability, strict liability and fault, Darren Schwend has incurred special damages, including but not limited to, wage loss, time loss, and medical expenses to date, which he will continue to incur in the future, in an amount to be proven at the time of trial.

5.4    As a direct and proximate result of Defendants' product liability, strict liability, and fault, Plaintiff Christi Schwend has experienced loss of consortium with her husband, Plaintiff Darren Schwend, as well as wage loss, economic loss, and other expenses in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants Advanced Composites, Wound Up, and Co-Motion, as follows:

1.    For judgment against the Defendants for special damages in an amount to be proven at trial;

2.    For judgment against the Defendants for general damages in an amount to be proven at trial;

3.    For costs and disbursements, including reasonable attorneys' fees to the extent allowed by law or equity;

4.    For prejudgment interest on medical expenses and liquidated damages; and,

COMPLAINT FOR DAMAGES - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

1    5.    For such other and further relief as the court deems just and equitable.

2    DATED this 28ᵗʰ day of April, 2010.

3

4                                    WILLIAMS, KASTNER & GIBBS PLLC

5                            By _____

6                                    Jeffrey R. Johnson, WSBA #11082
                                     Mary Re Knack, WSBA #26945

7                                    Attorneys for Plaintiffs Darren and Christi
                                     Schwend
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES - 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2794793.1

FILED

10 MAY 07 PM 3:38

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-15816-2 SEA

Honorable Joan E. DuBuque

1

2

3

4

5

6

7        SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8

9   DARREN SCHWEND and CHRISTI
    SCHWEND, husband and wife,
10
                        Plaintiffs,                    NO. 10-2-15816-2 SEA
11
                vs.                                    NOTICE OF APPEARANCE
12
    ADVANCED COMPOSITES, INC., a Utah               [Clerk's Action Required]
13  corporation, WOUND UP COMPOSITE
    CYCLES, a Utah corporation, and CO-
14  MOTION CYCLES, INC., an Oregon
    corporation,
15
                        Defendants.
16

17

18  TO:        DARREN SCHWEND and CHRISTI SCHWEND, Plaintiffs

19  AND TO:    Jeffrey R. Johnson, their attorney

20        Comes now defendant ADVANCED COMPOSITES, INC., a Utah corporation, d/b/a

21  WOUND UP COMPOSITE CYCLES, incorrectly named as defendants "Advanced

22  Composites, Inc., a Utah corporation, Wound Up Composite Cycles, a Utah corporation," and

23  enters herewith its appearance by attorneys undersigned, and directs that all future pleadings or

24

25

NOTICE OF APPEARANCE
**[Clerk's Action Required]**                    - 1 -
439979/050710 1532/99980031

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1   papers in the above-entitled cause, exclusive of original process, be served upon said defendant

2   by leaving a copy with attorneys undersigned.

3        DATED this 6th day of May, 2010.

4                  BETTS, PATTERSON & MINES, P.S.

5

6                  By _*Karen Bamberger*_____

7                    S. Karen Bamberger, WSBA #18478
                 Attorneys for Defendant Advanced Composites, Inc.,

8                    d/b/a Wound Up Composite Cycles

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

NOTICE OF APPEARANCE
**[Clerk's Action Required]**
439979/050610 1502/99980031

- 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of Snohomish County.  I am over 18 years of age and not a party to this action.  My business address is One Convention Place, Suite 1400, 701 Pike Street, Seattle, WA  98101-3927.

On the date indicated below, I caused the attached document to be served in the manner noted below upon:

| | |
|---|---|
| Jeffrey R. Johnson<br>Mary R. Knack<br>Williams, Kaster & Gibbs PLLC<br>601 Union Street, Suite 4100<br>Seattle, WA  98101-2380<br><br>Fax:   206-628-6611 | Attorney for Plaintiff<br><br>XX Via Mail        XX   Copy Only<br>__  Via Messenger      __   Original<br>__  Via Facsimile:      __   Original + Copy |

DATED this 7th day of May, 2010 at Seattle, Washington.

_Denise Mary Pope_
Denise Mary Pope

NOTICE OF APPEARANCE
**[Clerk's Action Required]**                              - 3 -
439979/050710 1532/99980031

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

FILED

10 APR 28 PM 4:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-15816-2 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

DARREN SCHWEND and CHRISTI
SCHWEND, husband and wife,

          Plaintiffs,

          v.

ADVANCED COMPOSITES, INC., a Utah
corporation, WOUND UP COMPOSITE
CYCLES, a Utah corporation, and CO-
MOTION CYCLES, INC., an Oregon
corporation,

          Defendants.

NO.

SUMMONS TO ADVANCED
COMPOSITES, INC.

THE STATE OF WASHINGTON, TO: ADVANCED COMPOSITES, INC.

TO THE DEFENDANT: A lawsuit has been started against you in the above-entitled Court by the above-named Plaintiffs. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

     In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days (if service is made on you within the State of Washington) or within 60 days (if service is made on you outside the State of Washington) after the date of the service on you of this Summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what has been asked for

SUMMONS TO ADVANCED COMPOSITES, INC. - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2807137.1

because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiffs file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 28th day of April, 2010.

WILLIAMS, KASTNER & GIBBS PLLC

By _____
Jeffrey R. Johnson, WSBA #11082
Mary Re Knack, WSBA #26945

Attorneys for Plaintiffs Darren and Christi Schwend

SUMMONS TO ADVANCED COMPOSITES, INC. - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2807137.1

FILED

10 APR 28 PM 4:07

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 10-2-15816-2 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| Darren Schwend and Christi Schwend | NO. 10-2-15816-2    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **Plaintiff(s)** | |
| vs | |
| Advanced Composites, Inc., Wound Up Composite Cycles, and Co-Motion Cycles, Inc. | ASSIGNED JUDGE   DuBuque      27 |
| | FILE DATE:      04/28/2010 |
| **Defendant(s)** | **TRIAL DATE:**      **10/10/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF: The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition,* whether that response is a *Notice of Appearance,* a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____

Print Name                        Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery
cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 04/28/2010 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 10/06/2010 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Wed 10/06/2010 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)]. | Wed 10/20/2010 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon 05/09/2011 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon 06/20/2011 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Tue 07/05/2011 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Tue 07/05/2011 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon 08/22/2011 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon 09/12/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon 09/19/2011 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon 09/19/2011 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon 09/26/2011 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Mon 10/03/2011 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon 10/03/2011 | * |
| Trial Date [See KCLCR 40]. | Mon 10/10/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  04/28/2010

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 12/08    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

## B. Original Documents/Working Copies/ Filing of Documents

**All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies should be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

### C.    Form

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____

**PRESIDING JUDGE**